IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-02859-GPG-SBP

KAYCEE TIMKEN and
CHRISTINE HARMS,

      Plaintiffs,

v.

SOUTH DENVER CARDIOLOGY ASSOCIATES, P.C.,
TROY STOCKMAN, and
JILL HUNSAKER RYAN,
      Defendants.

---

## ORDER

Before the Court are Executive Director Hunsaker Ryan's Motion to Dismiss (D. 19) filed by defendant Jill Hunsaker Ryan and SDCA Defendants' Motion to Dismiss (D. 30) filed by defendants South Denver Cardiology Associates, P.C. (SDCA) and Troy Stockman. The Court GRANTS the motions for the following reasons.

### I. FACTS

Plaintiffs Kaycee Timken and Christine Harms were terminated by their employer, SDCA, because they did not receive a vaccine against COVID-19.[1] The general facts of the COVID-19 pandemic are familiar, so the Court's recitation of facts will be limited to the allegations relevant to the analysis below.

---

[1] The Court draws the operative facts as set forth in Plaintiffs' Complaint (D. 1) unless otherwise indicated.

1

In December 2020, the Food and Drug Administration (FDA) began issuing emergency-use authorizations (EUAs) for the distribution of COVID-19 vaccines (D. 1 at ¶¶ 72–74). This allowed distributions of the vaccines without the full FDA approval (*id*. at ¶¶ 58–64).

On August 30, 2021, the Colorado Department of Public Health and Environment (CDPHE), where Hunsaker Ryan is Executive Director, approved new state licensing requirements for healthcare facilities (Part 12 Rules) that required all healthcare facility employees, direct contractors, and support staff be vaccinated against COVID-19 by October 31, 2021, or seek an exemption (D. 1-8).

On September 8, 2021, Stockman, the CEO of SDCA, distributed a new policy requiring employees receive a vaccine from any source (Vaccine Policy) (D. 1 at ¶¶ 195–96). The Vaccine Policy "requires all employees to be fully vaccinated against COVID-19 as soon as possible" (*Id*. at ¶ 196). The Vaccine Policy allowed SDCA employees to seek a religious or medical exemption (*Id*.). If they received an exemption, they would be required to mask and periodically test (*Id*.) Employees that did not comply with the policy would face disciplinary action beginning September 30, 2021 (*Id*.).

SDCA terminated Plaintiffs (D. 1 at ¶ 285). On October 30, 2023, Plaintiffs filed their Complaint (D. 1). It contains ten claims: (1) "Subjected to Investigational Drug Use," (2) equal protection, (3) due process, (4) "Deprivation of Rights Under the Spending Clause," (5) "Unconstitutional Conditions Doctrine," (6) "PREP Act," (7) breach of contract, (8) "Colorado State Common Law Employment Torts," (9) extreme and outrageous conduct, and (10) "Implied Private Right of Action 21 U.S.C. § 360bbb-3." Claims One through Six are asserted under 42 U.S.C. § 1983. Claims Seven through Nine are state law claims. Claim Ten alleges that an implied

private right of action exists under 21 U.S.C. § 360bbb-3 (EUA Statute), a provision of the Food, Drug, and Cosmetic Act.

### III.  LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law.  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).  A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth.  *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

## IV.  ANALYSIS

Plaintiffs' lawsuit is one of numerous similar cases filed throughout the country by employees terminated for failure to comply with COVID-19 vaccine mandates.  These cases have generally raised claims similar to the 10 claims at issue.[2]  Some of these cases involve the same roughly 100 pages of allegations, most of which are legal authority of limited relevance, brought by the same counsel.[3]  These cases have not fared well.  The Court has carefully reviewed the

---

[2] *See, e.g.,*; *Pearson v. Shriners Hosp. for Child.*, No. 3:23-CV-387, 2024 WL 3022397, at *1 (S.D. Tex. June 7, 2024) ("The plaintiffs bring seven separate claims under 42 U.S.C. § 1983, a federal statutory claim under 21 U.S.C. § 360, and three state-law claims."); *Menk v. MITRE Corp.*, No. 1:23-CV-00053-JRR, 2024 WL 327087, at *2 (D. Md. Jan. 29, 2024) ("Plaintiffs filed their Complaint, which sets forth 14 counts: . . . (Count VII) Violation of the Fifth and Fourteenth Amendments Equal Protection Clause, 42 U.S.C. § 1983; (Count VIII) Common Law Wrongful Discharge Based on Violation of the Public Policy Articulated in the Procurement Act; (Count IX) Violation of the Fifth Amendment Substantive Due Process Clause, 42 U.S.C. § 1983; (Count X) Violation of Fifth and Fourteen Amendments Procedural Due Process Clause, 42 U.S.C. § 1983; (Count XI) Violation of Due Process Clause of the Fifth Amendment – Unconstitutional Conditions, 42 U.S.C. § 1983; (Count XII) Common Law Wrongful Discharge for Violating the Public Policy Articulated in the Emergency Use Authorization Provisions of the U.S. Code, 21 U.S.C. §§ 360bbb-3, 42 U.S.C. § 1983"); *Horsley v. Kaiser Foundation Hospitals, Inc.*, No. 23-CV-05628-AMO, 2024 WL 3956313, at *2 (N.D. Cal. Aug. 26, 2024) ("Plaintiffs allege nine causes of action"); *Abadi v. Adams*, No. 24-CV-1897 (LTS), 2024 WL 2802718, at *3 (S.D.N.Y. May 28, 2024) (thirteen claims over at least 112 pages); *Chauvin v. Terminix Pest Control, Inc.*, No. CV 22-3673, 2023 WL 7683833, at *1 (E.D. La. Nov. 15, 2023), *aff'd sub nom. Hughes v. Terminix Pest Control, Inc.*, No. 23-30617, 2024 WL 3440465 (5th Cir. July 17, 2024) ("This case arises out of Plaintiff Dean Chauvin's termination from his employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment."); *Bowlin v. Bd. of Directors of Judah Christian Sch.*, 695 F. Supp. 3d 1003, 1006 (C.D. Ill. 2023) ("In Count II, Plaintiffs allege Defendants' COVID-19 Vaccination or Testing Program violates their rights under the Emergency Use Authorization Act, 21 U.S.C. § 360BBB-3 et seq., because they denied Plaintiffs their statutory right to accept or refuse administration of one of the three available COVID-19 vaccines."); *Norris v. Stanley*, No. 1:21-CV-756, 2022 WL 247507, at *1 (W.D. Mich. Jan. 21, 2022) *aff'd*, 73 F.4th 431, 434 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 1353, 218 L. Ed. 2d 426 (2024).

[3] *Sweeney v. Univ. of Colorado Hosp. Auth.*, No. 23-CV-02451-NYW-MDB, 2024 WL 3713835, at *1 (D. Colo. July 12, 2024) (complaint contains the same ten claims in the same order and a common defendant); *Roberts v. Inslee*, No. 2:23-CV-0295-TOR, 2024 WL 1160895, at *2 (E.D. Wash. Mar. 18, 2024) ("Plaintiffs filed a 104-page complaint" containing the same ten claims in the same order); *Curtis v. Inslee*, No. 3:23-CV-05741-RJB, 2023 WL 8828753, at *3 (W.D. Wash. Dec. 21, 2023) (*Inslee*) ("The plaintiffs are current and former PeaceHealth employees who filed a lengthy complaint on August 18, 2023.") *and sub nom Curtis v. PeaceHealth*, 2024 WL 248719, at *10 (W.D. Wash. Jan. 23, 2024) (*PeaceHealth*) (dismissing remaining federal claims with prejudice); *Children's Health Def., Inc. v. Rutgers, the State Univ. of New Jersey*, 93 F.4th 66, 74 (3d Cir. 2024), *cert. denied sub nom. Children's Health Def. v. Rutgers, the State Univ. of New Jersey*, No. 23-1222, 2024 WL 3089572 (U.S. June 24, 2024) ("The District Court granted Rutgers' motion to dismiss, brought under Federal Rule of Civil Procedure 12(b)(6), concluding that none of the claims pleaded stated a viable cause of action.").

authority cited by Plaintiffs as well as the orders of the other courts addressing the same issues. The Court finds the other courts' decisions persuasive and will dismiss Plaintiffs' claims for essentially the same reasons.

### A. Plaintiffs' Official Capacity Claims Against Hunsaker Ryan Are Barred by the Eleventh Amendment.

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. As interpreted, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). A state may waive its Eleventh Amendment immunity by consenting to suit, but only in the "clearest and most unmistakable terms." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998).

Hunsaker Ryan argues that the Eleventh Amendment bars the claims against her in her official capacity because Colorado has not waived its sovereign immunity (D. 19 at 6–7). Plaintiffs concede that she is immune (D. 22 at 5). The Court dismisses all claims against Hunsaker Ryan in her official capacity without prejudice. *See Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014) (dismissal on Eleventh Amendment grounds should be without prejudice).

### B. Plaintiffs Do Not Allege State Action by SDCA and Stockman.

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting 42 U.S.C. § 1983). "[M]erely private conduct, no matter how discriminatory or wrongful," is excluded from the reach of this state-action requirement. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

U.S. 40, 50, (1999) (quotations omitted). "In cases involving extensive state regulation of private activity," the Supreme Court has "consistently held that the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." *Id.* at 52 (cleaned up). A private party can, nonetheless, be deemed to have acted under color of law in certain circumstances. The Tenth Circuit has identified four tests used to determine whether a private party is acting under color of law and is thus subject to liability under § 1983: the nexus test, the public function test, the joint action test, and the symbiotic relationship test. *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013).

Plaintiffs argue this case is similar to *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), where the Supreme Court applied the joint action test. *Id.* at 940–42. Under the joint action test, an action is under color of law "if a private party is a 'willful participant in joint action with the State or its agents.'" *Gallagher*, 49 F.3d at 1453 (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). Courts "examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* Nonetheless, not all coordinated action will satisfy the test. A state actor's "acquiescence in the practices of the parties" is insufficient to establish state action. *Id.* at 1455. Likewise, a shared goal is not enough; "state and private entities must share a specific goal to violate the plaintiff's constitutional rights by engaging in a particular course of action." *Id.* Plaintiffs argue that "SDCA engaged in joint action with the State under the State's vaccination policy in the deprivation of Plaintiffs' Equal Protection and Due Process rights when denying them their legal interest under the EUA statute and being treated unequally under the law" (D. 31 at 12).

Plaintiffs do not, however, allege any facts showing SDCA did more than implement its own policy in relation to CDPHE action.  Defendants were then terminated by SDCA without any government involvement.  *See Am. Mfrs. Mut. Ins. Co*, 526 U.S. at 51 ("Our approach to [the state action] question begins by identifying the specific conduct of which the plaintiff complains.").  They were terminated under the private company's Vaccine Policy, which is separate from and differs from the CDPHE's Part 12 Rules.  These circumstances are distinct from *Lugar,* where the private actors were directly applying the state's statutory scheme.  457 U.S. at 941.  Courts that have examined the circumstances presented in this case have uniformly found allegations that an employee was terminated under a company's vaccine policy implemented in response to state or federal regulations do not sufficiently allege action "under color of law."  *E.g., Menk*, 2024 WL 327087, at *35 (also discussing similar cases in the 6th Cir.); *Pearson,* 2024 WL 3022397, at *4 (also discussing similar cases in the 2nd Cir. and 5th Cir.).  The Court is persuaded by the other courts that have examined this issue and concludes that Plaintiffs have not alleged state action by SDCA and Stockman.  Accordingly, Plaintiffs' § 1983 claims, Claims One to Six, against SDCA and Stockman are dismissed.

### C.  Plaintiffs Have Not Alleged a Legally Cognizable Violation of Their Rights.

Resolution of the remainder of Plaintiffs' federal claims does not depend on Plaintiffs' specific circumstances.  Rather, for Claims One to Six against Hunsaker Ryan, the dispositive issue is whether Plaintiffs have sufficiently alleged that they have statutory or constitutional rights have been violated.  The Court endeavors to provide every litigant with a fulsome explanation of the reasons for its decisions.  In this instance, however, allegations and arguments essentially identical to Plaintiffs' allegations and arguments have already been ably and correctly analyzed by

two courts with which this Court agrees.  In fact, the *Sweeney* court addressed the same allegations in relation to the same defendant (*compare* D. 1 *with Sweeney*, No. 23-CV-02451-NYW-MDB, D. 1).  In the interests of judicial economy, the Court adopts the analysis found at *Sweeney*, 2024 WL 3713835, at *5–*18, rather than quoting it at length here.  Fed. R. Civ. P. 1; *see also Inslee*, 2023 WL 8828753, at *4–*7; *PeaceHealth*, 2024 WL 248719, at *7–*9.  Plaintiffs' Claims One through Six are dismissed as to Hunsaker Ryan in her individual capacity.[4]

### D.  There is No Private Right of Action Under the EUA Statute.

Courts that have considered the issue, including the specific arguments raised by Plaintiffs' here, have uniformly concluded that the EUA Statute, 21 U.S.C. §360bbb-3, does not create a private right of action.  *See, e.g., Sweeney*, 2024 WL 3713835, at *19.  Plaintiffs' tenth claim is dismissed with prejudice.

### E.  The Court Declines Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

The Court has disposed of all of Plaintiffs' federal law claims, over which this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  The remaining claims are brought under state law, which implicates this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), when all the "federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).  Accordingly, the Court dismisses the remaining state-law claims without prejudice for lack of subject-matter jurisdiction.

---

[4] In the interests of providing a complete record, the Court would also dismiss Plaintiffs' § 1983 claims against SDCA and Stockman for these additional reasons if they had sufficiently alleged state action.

## V.  CONCLUSION

Accordingly, Executive Director Hunsaker Ryan's Motion to Dismiss (D. 19) and SDCA

Defendants' Motion to Dismiss (D. 30) are GRANTED.  It is FURTHER ORDERED that the

Clerk of the Court shall close this case.


DATED August 29, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge